UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JOSUA SALAZAR VERA,

          Plaintiff,

      v.

CAPITAL ONE BANK, et al,

          Defendants.

Case No. 2:25-cv-07172-PVC

**ORDER RE SETTLEMENT CONFERENCE**

## <u>PLEASE READ THIS ORDER CAREFULLY</u>

**IT IS ORDERED** that the parties shall appear for a settlement conference on **July 7, 2026, at 9:30 a.m.**, in Courtroom 4 of the United States District Court, Eastern Division, Riverside Courthouse, located at 3470 Twelfth Street, Riverside, California.

1. Pursuant to Local Rule 16-15.5, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding unless the parties otherwise agree. No part of a settlement proceeding shall be reported otherwise recorded, without consent of the parties, except for any memorialization of a settlement.

///

1

2. Pursuant to Local Rule 16-15.5(b), each party shall appear at the settlement proceeding in person or by a representative with <u>final authority</u> to settle the case. The Court requires lead trial counsel to attend the settlement proceedings, and failure of lead trial counsel to attend will be grounds to vacate the conference. Virtual attendance has been requested and the Court has granted such. (Docket No. 43). Final authority is defined as having authority to settle the matter for the amount of the last demand or counter-offer made by opposing party. All persons whose consent is necessary to conclude a settlement shall be present personally. Parties or agents possessing authority to settle who are located outside of the Central District of California may be available by telephone, <u>only with the Court's permission</u>, provided that they remain available by telephone after normal business hours at the place where the party or agent is located, until released by the Magistrate Judge. If a party desires to be excused from making a personal appearance, counsel for the party should immediately contact the clerk to determine whether such a request will be granted.

3. If a proposed settlement must be presented for approval to board or committee, the person whose recommendation is normally followed by the board or committee must be the person present.

4. If this case includes the United States or any of its agencies as a party, the attendance of the Assistant United States Attorney charged with responsibility for the conduct for the case and who has final settlement authority as provided by his or her superiors shall be present. <u>See</u> Local Rule 16-15.5(b).

5. Subject to paragraph 2 above, counsel appearing without their clients, or parties appearing without full settlement authority, will cause the settlement conference to be cancelled and rescheduled. The noncomplying party, attorney or

both, may be assessed the costs and expenses incurred by other parties as a result of such cancellation and rescheduling.

6. Unless otherwise excused by the Court, no later than twelve (12) days before the date of the settlement conference, counsel for the plaintiff shall deliver a written settlement demand to counsel for defendant.  Counsel for defendant shall fax or hand-deliver a written response to counsel for plaintiff no later than nine (9) days before the date of the settlement conference; if the plaintiff's demand is not accepted, defendant's written response must include a counter-settlement offer.  Plaintiff must then fax or hand-deliver a reply to the defendant's counter offer no later than five (5) days before the date of the settlement conference; if the defendant's counter-offer is rejected, the plaintiff's reply must contain a counter-settlement demand.  All demands and counter-offers must be accompanied by a brief explanation of the party's settlement proposal.  PLEASE NOTE: FAILURE TO COMPLY WITH THIS REQUIREMENT OF EXCHANGING SETTLEMENT DEMANDS PRIOR TO THE CONFERENCE MAY REQUIRE A RESCHEDULING OF THE SETTLEMENT CONFERENCE.

7. **No later than noon, June 30, 2026, each party shall deliver a Confidential Settlement Statement by email to the Magistrate Judge's chambers email DTB_Chambers@cacd.uscourts.gov**.  The statement shall be in the form of a letter and shall not exceed ten (10) pages in length.  The statement shall be clearly titled "Confidential," for the purposes of the settlement conference only. The Confidential Settlement Conference Statement shall not be filed.  The statement shall contain the following information:

    a.    A summary of the factual background of the case;

    b.    A summary of the important legal and factual issues presented by the case, and the submitting party's position on each issue;

> c.  A description of the damages or other relief sought by or against the submitting party;
>
> d.  A summary of the settlement negotiations or other means of alternative dispute resolution utilized prior to the date of the statement, including the content and date of any offers of compromise made or received by the submitting party, and the content and date of any responses to such offers;
>
> e.  A description of the proceedings to date, including any case management/discovery deadlines and any previous rulings by the court on dispositive or other relevant motions;
>
> f.  The trial date, the pre-trial conference date, the estimated length of trial and whether a court or jury trial is contemplated; and
>
> g.  Any other relevant circumstances that counsel believe will assist the Court in conducting the settlement conference.

8. The failure of any party to timely submit a Settlement Conference Statement in compliance with this Order, or otherwise comply strictly with this Order, will result in the Settlement Conference being ordered off calendar and may result in sanctions being imposed.

9. The Magistrate Judge may, in his discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others. The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel. This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments. If all counsel and parties are not present to hear the Court's opinions, it is all too easy for counsel to misrepresent the Court's comments in an

4

effort to obtain a tactical advantage with opposing counsel.  Violation of this policy may be misleading and therefore a hindrance to settlement.

10. Counsel should have available for the Court's review copies of all key documents in the case, including copies of any significant witness statements, testimony, or portions thereof, that counsel believes will be relevant.

11. If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement.  See Local Rule 16-15.7.

Dated: ___June 2, 2026_____      _____
                                                                    DAVID T. BRISTOW
                                                                    United States Magistrate Judge

5